UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE BAGWELL,

       Plaintiff,                                  Hon. Richard Alan Enslen

v.                                                    Case No. 1:05-CV-27

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

        The Commissioner determined that Plaintiff is not disabled as defined by the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 58 years of age at the time of the ALJ's decision. (Tr. 27). She successfully completed high school and was previously employed as a factory worker for Kellogg's cereal. (Tr. 27, 81-87, 265).

Plaintiff applied for benefits on September 6, 2001, alleging that she had been disabled since March 31, 2000, due to a "bad" shoulder, fibromyalgia, and osteoarthritis. (Tr. 52-54, 68). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 36-51). On December 17, 2003, Plaintiff appeared before ALJ Adrian Sannier, with testimony being offered by Plaintiff and vocational expert, Paul Delmar. (Tr. 261-90). In a written decision dated January 23, 2004, the ALJ determined that Plaintiff was not disabled. (Tr. 26-33). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 5-6). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## MEDICAL HISTORY

On March 27, 1996, Plaintiff underwent arthroscopic surgery on her right shoulder to treat an impingement syndrome and torn labrum. (Tr. 123-24). A June 28, 1996 examination revealed that Plaintiff's right shoulder was "getting a lot better." (Tr. 119). Plaintiff was instructed

to continue performing her prescribed exercises and refrain from lifting more than five pounds or engaging in any repetitive activities with her shoulder. *Id.*

On October 3, 1997, Plaintiff was examined by Dr. John Morgan. (Tr. 204-05). Plaintiff reported that she was experiencing pain in her left lower extremity. (Tr. 204). X-rays of Plaintiff's left hip revealed "extremely significant" degenerative changes. *Id.* The doctor concluded that Plaintiff was suffering from "at least moderate degenerative disease" which would result in "a progressive deterioration of [her left] hip." (Tr. 204-05).

An April 13, 1998 examination revealed that Plaintiff possessed "excellent strength" in her right shoulder with no evidence of tenderness, impingement, or neurovascular abnormality. (Tr. 115). The doctor concluded that Plaintiff was "doing very well functionally as long as she doesn't over do it." *Id.*

Plaintiff's care providers subsequently imposed on her the following permanent limitations: (1) she cannot lift more than 3-4 pounds with her arms in an extended position, (2) with her elbows at her side, she can lift and carry 30-35 pounds, and (3) she cannot reach at or above chest level. (Tr. 132).

On October 13, 1999, Plaintiff participated in an EMG and nerve conduction study of her upper extremities, the results of which were "normal" with no evidence of (1) focal entrapment neuropathy, (2) cubital tunnel syndrome, or (3) cervical radiculopathy. (Tr. 130-31).

On January 11, 2000, Plaintiff participated in a consultive examination conducted by Dr. Richard Ilka. (Tr. 143-48). With respect to Plaintiff's right shoulder, the doctor concluded that Plaintiff had achieved "maximum medical improvement." (Tr. 147-48). The doctor further reported

that the functional limitations imposed on Plaintiff's ability to perform work activities (noted above) should continue indefinitely. (Tr. 145, 148).

On April 19, 2001, Plaintiff participated in a consultive examination performed by Dr. Grant Hyatt. (Tr. 133-42). The doctor observed evidence of impingement in Plaintiff's right shoulder, but an examination of Plaintiff's upper extremities was otherwise unremarkable. (Tr. 138-40). Dr. Hyatt concluded that Plaintiff should be permanently subject to the following restrictions: (1) she cannot lift/carry more than five pounds with her "right hand alone," (2) she cannot use her right upper extremity at or above mid-chest level, and (3) she cannot perform forceful or repetitive pushing or pulling activities with her right upper extremity. (Tr. 141).

On November 29, 2001, Plaintiff completed a report regarding her activities. (Tr. 95-98). Plaintiff reported that she performs a limited amount of cooking, laundry, vacuuming, dusting, dish washing, and shopping. (Tr. 95-96). She also reported, however, that she experiences difficulty performing these tasks because she experiences difficulty standing and working in one position for very long. (Tr. 96). On December 3, 2001, Plaintiff's daughter completed a questionnaire regarding Plaintiff's activities, to which she provided similar responses. (Tr. 99-104).

X-rays of Plaintiff's left hip, taken on August 29, 2002, revealed the presence of "moderate to severe degenerative changes." (Tr. 203). On September 30, 2002, Plaintiff participated in a bone scan, the results of which revealed that she was suffering from arthritis in her left hip which would eventually require that she undergo "a total hip arthroplasty." *Id.*

On May 22, 2003, Dr. Kenneth Lombardi, Plaintiff's longtime treating physician, reported that Plaintiff was only able to stand for 25-30 minutes before experiencing pain and fatigue. (Tr. 237, 241-42).

At the administrative hearing Plaintiff testified that she is unable to "stand for any length of time" due to fatigue and hip pain. (Tr. 276-80).

## ANALYSIS OF THE ALJ'S DECISION

### A. Applicable Standards

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1420(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

### B. The ALJ's Decision

The ALJ determined that Plaintiff suffers from the following severe impairments: (1) status post 1996 right shoulder surgery, (2) status post ovarian cancer with hysterectomy, (3)

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

6

fibromyalgia, and (4) degenerative changes of the left hip. (Tr. 29). The ALJ concluded that these impairments, whether considered alone or in combination, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.* Finding that Plaintiff retained the ability to perform her past relevant work as a janitor, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act.

### 1. The ALJ's Decision is Not Supported by Substantial Evidence

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work activities subject to the following restrictions: (1) she cannot reach above chest height, (2) she cannot lift more than 30-35 pounds with her arms at her side, and (3) she cannot lift more than 3-4 pounds with her arms extended. (Tr. 31). The ALJ

concluded, therefore, that Plaintiff retained the ability to perform "a range of unskilled light and medium work." *Id.*

At the administrative hearing a vocational expert testified that Plaintiff, consistent with the ALJ's RFC assessment, could perform her past relevant work as a janitor. (Tr. 286). Based on the vocational expert's testimony, the ALJ concluded that Plaintiff was capable of performing her past relevant work and, therefore, was not disabled.

        a.      The ALJ's determination regarding Plaintiff's RFC is not supported by substantial evidence

A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Shaw v. Apfel*, 220 F.3d 937, 939 (8th Cir. 2000) (same); *Lanclos v. Apfel*, 2000 WL at *3, n.3 (9th Cir., July 31, 2000) (same); *Moore v. Sullivan*, 895 F.2d 1065, 1069 (5th Cir. 1990) (to properly conclude that a claimant is capable of performing work requires "a determination that the claimant can *hold* whatever job he finds for a significant period of time").

As detailed above, Plaintiff suffers from arthritis and severe degenerative changes to her left hip. As a result, Plaintiff experiences difficulty standing or walking for any significant length of time. While the ALJ correctly found Plaintiff's left hip impairment to be severe, in assessing Plaintiff's RFC he failed to make any accommodation for this severe impairment. Instead, the ALJ

concluded that while Plaintiff experienced limitations relative to her upper extremities, she could nonetheless perform a range of light and medium work.

Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983). Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

By failing to impose any limitation with respect to Plaintiff's ability to stand or walk during an 8-hour workday, the ALJ implicitly found that Plaintiff is capable of standing and/or walking for six hours during an 8-hour workday. While the record does not contain compelling evidence that Plaintiff is disabled, the record likewise fails to support the ALJ's determination that Plaintiff can stand and/or walk for six hours during an 8-hour workday. To the contrary, the medical evidence reveals that Plaintiff requires a sit/stand option or other similar accommodation given the severity and progressive nature of her left hip impairment.

As indicated above, the ALJ's decision that Plaintiff could perform her past relevant work based on the vocational expert's response to a hypothetical question assuming an individual with Plaintiff's RFC. However, the ALJ's RFC determination is not sufficiently supported by the evidence of record. Thus, the hypothetical question, the response to which the ALJ relied upon to support his decision, was based upon an improper RFC determination. Accordingly, the ALJ's conclusion that Plaintiff can perform her past relevant work is supported by less than substantial

9

evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such hypothetical questions must accurately portray the claimant's physical and mental impairments).

    b. Evidence of Plaintiff's disability is not compelling

While the ALJ's decision is not supported by substantial evidence, Plaintiff can be awarded benefits only if proof of her disability is "compelling." *Faucher v. Sec'y of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and immediately award benefits if all essential factual issues have been resolved and proof of disability is compelling).

While the ALJ's decision fails to comply with the relevant legal standard, neither is the evidence of Plaintiff's disability compelling. While the Court does not dispute that Plaintiff suffers from serious physical limitations, it is far from clear that she is unable to perform *any* work activities. Determining the true extent to which Plaintiff is capable of performing work activities is a factual matter. Furthermore, once an accurate RFC is developed for Plaintiff it must then be determined whether there exist a significant number of jobs which she can perform consistent with her RFC. These are factual issues which this Court is not permitted to resolve. Instead, this matter must be remanded for the consideration of these (and any other relevant) issues.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision does not conform to the proper legal standards and is not supported by substantial evidence. Accordingly,

the Court recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  January 31, 2006                                             /s/ Ellen S. Carmody
                                                                                  ELLEN S. CARMODY
                                                                                  United States Magistrate Judge