UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE L. BAGWELL,                                                        Case No. 1:05-cv-27

        Plaintiff,                                                                  Hon. Richard Alan Enslen

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.                                                      **JUDGMENT OF ATTORNEY FEES**
_____/

        This matter is before the Court on Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act. Plaintiff's counsel seeks $2,900.00 in fees and costs. As discussed below, counsel's motion is **granted.**

        Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

        The burden rests with the Commissioner to establish that her position was substantially justified, *see Secretary, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir. May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable

person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence does not mean that it was not substantially justified. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

As detailed previously, Plaintiff suffers from serious medical impairments which have imposed on her significant limitations. In denying Plaintiff's claim for benefits, the Administrative Law Judge ("ALJ") disregarded the overwhelming medical evidence that Plaintiff is incapable of standing and/or walking for six hours out of an 8-hour workday and, therefore, cannot perform her past relevant work. In sum, the ALJ's decision was not substantially justified. Defendant has not objected to the present motion. Moreover, the Court finds that counsel's request is reasonable and appropriate.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Fees and Costs Under the Equal Access to Justice Act (Dkt. No. 13) is **GRANTED** and Judgment is entered against Defendant Commissioner of Social Security and in favor of Plaintiff Joanne L. Bagwell in the amount of $2,900.00 (two-thousand nine hundred dollars).

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
June 29, 2006   RICHARD ALAN ENSLEN
   SENIOR UNITED STATES DISTRICT JUDGE